IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONATHAN HOAG,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VICIOUS CYCLE FISHERIES, LLC, ET AL.,<br><br>　　　　　Defendants. | CIVIL NO. 19-00106 SOM-WRP<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF JONATHAN HOAG'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VICIOUS CYCLE FISHERIES LLC AND ORDER GRANTING DEFENDANT VICIOUS CYCLE FISHERIES LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AGAINST VICIOUS CYCLE FISHERIES LLC<br>[DKT. NO. 15] |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
JONATHAN HOAG'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT VICIOUS CYCLE FISHERIES LLC
AND ORDER GRANTING DEFENDANT VICIOUS CYCLE
FISHERIES LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF
DEFAULT AGAINST VICIOUS CYCLE FISHERIES LLC [DKT. NO. 15]

　　　　Two motions are before the Court: Plaintiff Jonathan Hoag's Motion for Entry of Default Judgment Against Defendant Vicious Cycle Fisheries LLC (Motion for Default Judgment) and Defendant Vicious Cycle Fisheries LLC's Motion to Set Aside Clerk's Entry of Default Against Vicious Cycle Fisheries LLC [Dkt. No. 15] (Motion to Set Aside).  First, Plaintiff filed his Motion for Default Judgment on December 12, 2019.  See ECF No. 28.  Defendant Vicious Cycle

Fisheries LLC filed its Opposition on December 26, 2019. See ECF No. 36. Plaintiff filed his Reply on January 7, 2020. See ECF No. 38. Next, Defendant Vicious Cycle Fisheries LLC filed its Motion to Set Aside on December 16, 2019. See ECF No. 29. Plaintiff filed his Opposition on December 30, 2019. See ECF No. 37. Defendant Vicious Cycle Fisheries LLC filed its Reply on January 13, 2020. See ECF No. 38.

The Court found these matters suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 30. After careful consideration of the parties' submissions, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion for Default Judgment be DENIED and GRANTS Defendant Vicious Cycle Fisheries LLC's Motion to Set Aside.

BACKGROUND

On August 29, 2019, the Clerk of Court entered default against Defendant Vicious Cycle Fisheries LLC (Defendant Vicious Cycle) pursuant to Federal Rules of Civil Procedure Rule 55(a). Plaintiff duly served a summons by publication in accordance with applicable Hawaii and federal law and Defendant Vicious Cycle failed to appear at the return hearing scheduled for August 15, 2019. See ECF No. 15.

The Court granted Plaintiff's request for an extension of time until September 9, 2019, to serve co-defendants F/V VICIOUS CYCLE, DOC NO. 981128, IN REM, and Kenton Greer, the owner of Defendant Vicious Cycle. See ECF No. 10.  On September 13, 2019, Plaintiff again requested additional time to serve co-defendants.  See ECF No. 17 at 2.  The Court granted this request and gave Plaintiff until November 9, 2019.  See ECF No. 16.  Co-defendants F/V VICIOUS CYCLE, DOC NO. 981128, IN REM, and Kenton Greer were served on October 30, 2019.  See ECF Nos. 18-19.

The Court also granted Plaintiff's request for an extension of time until November 12, 2019, to file a motion for default judgment against Defendant Vicious Cycle.  See ECF No. 16.  On November 12, 2019, Plaintiff asked for another extension of time to file a motion for default judgment against Defendant Vicious Cycle.  See ECF No. 20.  The Court granted this request and gave Plaintiff until December 13, 2019 to file its motion.  See ECF No. 21.

Counsel for Defendant Vicious Cycle filed a notice of appearance in this action on November 20, 2019.  See ECF No. 23.  Defendant Vicious Cycle filed its Corporate Disclosure Statement on November 27, 2019, and its Scheduling Conference Statement on December 9, 2019.  See ECF Nos. 24-25.  On December 12, 2019, Plaintiff filed his Motion for Default Judgment Against Defendant Vicious Cycle.  See ECF No. 28.  Four days later, on December 16,

2019, Defendant Vicious Cycle filed its Motion to Set Aside Clerk's Entry of Default.  See ECF No. 29.

## DISCUSSION

The Court will first address Defendant Vicious Cycle's Motion to Set Aside.  "The court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  To determine good cause, the court considers whether the party seeking to set aside the default engaged in culpable conduct, whether the party has a meritorious defense, or whether setting aside the default would prejudice the other party.  See Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004).  "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits."  Mendoza v. Wight Vineyard Mgmt., 783 F.3d 941, 945-46 (9th Cir. 1986) (internal quotations and brackets omitted).  A court's discretion to grant such a motion is especially broad where it is entry of default, and not default judgment, that is being set aside.  See id. at 945.

Here, the Court finds that good cause exists to vacate the entry of default for several reasons: the Motion to Set Aside is timely; Plaintiff will not be prejudiced by setting aside default; default was not the result of inexcusable neglect or a willful act; and Defendant Vicious Cycle may have a meritorious

4

defense.

First, the Court finds that Defendant Vicious Cycle's Motion to Set Aside is timely. Plaintiff filed his Complaint on March 4, 2019 and did not serve Defendant Vicious Cycle through publication until four months after the Complaint was filed. See ECF Nos. 1, 12. Defendant Vicious Cycle asserts that it did not learn of the lawsuit until October 30, 2019, when Plaintiff personally served co-defendant Kenton Greer, the owner of Defendant Vicious Cycle. See ECF No. 29-1 at 5. Counsel for Defendant Vicious Cycle filed a notice of appearance on November 20, 2019. See ECF No. 23. Shortly thereafter, Defendant Vicious Cycle filed its Motion to Set Aside, less than four months after default was entered. See ECF Nos. 15, 29. Given the timeline of events in this action, the Court finds that the Motion to Set Aside is timely.

Second, the Court finds that Plaintiff will not be prejudiced if the entry of default is set aside. Trial is set for April 21, 2021, and the discovery deadline is more than a year away. See ECF No. 32. Given the early stage of litigation, the Court finds that Plaintiff will not be prejudiced if default is set aside.

Third, the Court finds that Defendant Vicious Cycle's failure to appear was not based on culpable conduct. Again, Defendant Vicious Cycle explained that it learned of this lawsuit when Plaintiff personally served co-defendant Kenton Greer on October 30, 2019. See ECF No. 29-1 at 5. There is no

5

indication in the record that Defendant Vicious Cycle made a conscious decision not to participate in this litigation.

Finally, in its Motion to Set Aside, Defendant Vicious Cycle states it has legitimate, assertible defenses as to causation and damages based on Plaintiff's statements and activities.  See ECF No. 29-1 at 14-15.  In the Ninth Circuit, the burden to demonstrate a meritorious defense to justify setting aside default "is not extraordinarily heavy[,]" the only requirement is that "a sufficient defense is assertible" and that litigation of the claims would not be "a wholly empty exercise."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001) (citations omitted).  Because Defendant Vicious Cycle has not yet filed an answer or other response to Plaintiff's Complaint, the Court is unable to verify whether Defendant Vicious Cycle has a meritorious defense.  Given the early stage of this litigation and the possible defenses Defendant Vicious Cycle referenced in its Motion to Set Aside, the Court is unable to find that litigation of the claims would be "a wholly empty exercise."  See id.  Accordingly, the Court finds that Defendant Vicious Cycle may have a defense for purposes of setting aside default.

Based on the foregoing, the Court grants Defendant Vicious Cycle's Motion to Set Aside.  Because the Court has ordered that the entry of default against Defendant Vicious Cycle Fisheries LLC be set aside, the Court finds and recommends that Plaintiff's Motion for Default Judgment against Defendant

6

Vicious Cycle Fisheries LLC be denied as moot.

## CONCLUSION

The Court GRANTS Defendant Vicious Cycle Fisheries LLC's Motion to Set Aside Clerk's Entry of Default Against Vicious Cycle Fisheries LLC [Dkt. No. 15]. Defendant Vicious Cycle Fisheries LLC shall file a response to the Complaint no later than February 11, 2020. The Court FINDS AND RECOMMENDS that Plaintiff Jonathan Hoag's Motion for Entry of Default Judgment Against Defendant Vicious Cycle Fisheries LLC be DENIED as MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, FEBRUARY 4, 2020.



Wes Reber Porter
United States Magistrate Judge

**Hoag v. Vicious Cycle Fisheries LLC et al.**, Civil No. 19-00106 SOM-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF JONATHAN HOAG'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VICIOUS CYCLE FISHERIES LLC AND ORDER GRANTING DEFENDANT VICIOUS CYCLE FISHERIES LLC'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AGAINST VICIOUS CYCLE FISHERIES LLC [DKT. NO. 15]